Filed 11/18/25  P. v. Jones CA2/8

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

### SECOND APPELLATE DISTRICT

### DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B339637 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. KA017794-01) |
| v. | |
| CLEON JONES, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Jacqueline Lewis, Judge.  Affirmed.

Michele A. Douglass, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

Pursuant to *People v. Delgadillo* (2022) 14 Cal.5th 216 (*Delgadillo*), we review an order denying Cleon Jones's Motion for Relief Due to Discrimination under the California Racial Justice Act, Penal Code[1] section 745. We affirm.

In June, 1993, the People charged appellant Cleon Jones with one count of possession for sale of cocaine base. (Health & Saf. Code, § 11351.5.) That same month, Jones pled no contest in exchange for a sentence of 16 months in state prison concurrent with any probation violation sentence imposed in case number KA014991. The court imposed the 16-month term.

On May 9, 2024, Jones filed a form Motion for Relief Due to Discrimination. On June 17, 2024, the trial court denied the motion because "Defendant is not currently in custody on this case and is therefore ineligible for relief." On July 21, 2024, Jones timely appealed the order denying his Motion for Relief Due to Discrimination.

We appointed counsel to represent Jones on appeal. On June 16, 2025, counsel filed a no issue brief pursuant to *People v. Delgadillo*. Counsel advised us they told Jones he could file his own supplemental brief within 30 days and will send him transcripts of the record on appeal as well as a copy of the brief.

On June 16, 2025, this court sent Jones notice that a brief raising no issues had been filed on his behalf. We advised him he had 30 days within which to submit a supplemental brief or letter stating any issues he believes we should consider. We also advised him that if he did not file a supplemental brief, the appeal may be dismissed as abandoned.

---

[1] Undesignated statutory references are to the Penal Code.

On August 18, 2025, Jones filed a supplemental brief. He asks us to stay his appeal until January 1, 2026, when recent amendments to the California Racial Justice Act become effective. He also contends: 1) he is entitled to reclassification of his felony conviction to a misdemeanor under section 1170.18 and Proposition 47 because the court destroyed his criminal file and prevented him from seeking discovery; 2) he received ineffective assistance of counsel when he entered his no contest plea because he was not advised that the plea would be used in future criminal proceedings to enhance his sentence; 3) the trial court did not lose jurisdiction over his requests for relief because he was out of custody.

## DISCUSSION

Thirty years have passed since Jones started serving his sentence of 16 months in custody. Although currently he appears to be in custody on another matter, he is not in actual or constructive custody on this matter.

Under the California Racial Justice Act of 2020 (Stats. 2020, ch. 317, § 1 (RJA)) the "state shall not seek or obtain a criminal conviction or seek, obtain, or impose a sentence on the basis of race, ethnicity, or national origin." (§ 745, subd. (a); *Young v. Superior Court* (2022) 79 Cal.App.5th 138, 143.)

Section 1473.7, subdivision (a)(3) permits a person "no longer in criminal custody" to bring a motion to vacate a conviction or sentence in certain circumstances, one of which is that "[a] conviction or sentence was sought, obtained, or imposed on the basis of race, ethnicity, or national origin in violation of subdivision (a) of Section 745."

Subdivision (j) of section 745 set out the cases to which the RJA applies:

3

- "(1) To all cases in which judgment is not final.
- "(2) Commencing January 1, 2023, to all cases in which, at the time of the filing of a petition pursuant to subdivision (e) of Section 1473 raising a claim under this section, the petitioner is sentenced to death or to cases in which the motion is filed pursuant to Section 1473.7 because of actual or potential immigration consequences related to the conviction or sentence, regardless of when the judgment or disposition became final.
- "(3) Commencing January 1, 2024, to all cases in which, at the time of the filing of a petition pursuant to subdivision (e) of Section 1473 raising a claim under this section, the petitioner is currently serving a sentence in the state prison or in a county jail pursuant to subdivision (h) of Section 1170, or committed to the Division of Juvenile Justice for a juvenile disposition, regardless of when the judgment or disposition became final.
- "(4) Commencing January 1, 2025, to all cases filed pursuant to Section 1473.7 or subdivision (e) of Section 1473 in which judgment became final for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice on or after January 1, 2015.
- "(5) Commencing January 1, 2026, to all cases filed pursuant to Section 1473.7 or subdivision (e) of Section 1473 in which judgment was for a felony conviction or juvenile disposition that resulted in a commitment to the Division of Juvenile Justice, regardless of when the judgment or disposition became final."

4

It appears that subdivision (j)(5) of section 745 is the only category under which Jones may be eligible to apply for relief. We decline to hold this appeal until subsection (j)(5) becomes effective on January 1, 2026. To the extent the other issues Jones raises in his supplemental brief are also based on the RJA, we decline to address them as Jones is currently ineligible for relief under the RJA. To the extent the other issues are not based on alleged racial discrimination, they are not properly included in a motion for relief from discrimination, and we therefore decline to address them.

We decline to exercise our discretion to conduct an independent review of the record. (*Delgadillo, supra*, 14 Cal.5th at p. 232.)

## DISPOSITION

The order is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

VIRAMONTES, J.

5